# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WILKINSON INDUSTRIES, INC.,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **TAYLOR'S INDUSTRIAL SERVICES, LLC,** ) <br> d/b/a HPM, a division of **TAYLOR'S** ) <br> **INDUSTRIAL SERVICES, LLC** and **THE** ) <br> **CINCINNATI INSURANCE COMPANY,** ) <br> ) <br> Defendants, ) <br> ) <br> **THE CINCINNATI INSURANCE COMPANY,** ) <br> ) <br> **Defendant and Third-** ) <br> **Party Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **TAYLOR'S PROPERTY MANAGEMENT,** ) <br> **LLC; TAYLOR TOWING & HEAVY** ) <br> **HAULING, LLC; D&G TOWING AND** ) <br> **RECOVERY, INC.; CHRISTOPHER A.** ) <br> **FILOS; JOSEPH A. FILOS, JR.;** and ) <br> **DOUGLAS E. FILOS,** ) <br> ) <br> Third-Party Defendants. ) | **8:06CV405** <br><br> **ORDER** |

This matter is before the court on the motion [53] of Andre R. Barry and Margaret A. Olsen for leave to withdraw as counsel for defendant Taylor's Industrial Services, LLC, d/b/a HPM, a division of Taylor's Industrial Services, LLC ("HPM") and third-party defendants Taylor's Property Management, LLC, Taylor Towing & Heavy Hauling, LLC, D&G Towing and Recovery, Inc., Christopher A. Filos, Joseph A. Filos, Jr., and Douglas E. Filos (together, "the Clients").

Copies of the motion and supporting affidavit were previously served on the Clients by moving counsel. The June 8, 2007 ORDER AND NOTICE OF HEARING [56] setting this matter for a hearing to be held June 18, 2007 was also served on the Clients by moving counsel.

The hearing convened on June 18, 2007 at 10:30 a.m. as scheduled. Mr. Barry appeared personally. Attorneys Thomas E. Dutton and Collin B. Williams participated by telephone on behalf of the plaintiff. Counsel for defendant Cincinnati Insurance Company also appeared telephonically. The Clients did not appear, although they were ordered to personally appear. Nor did the Clients file any response of record to the motion to withdraw or any written request that the hearing be rescheduled.

During oral argument, Mr. Barry discreetly explained that the Clients have not maintained contact with him or his law firm concerning outstanding billing issues and certain discovery issues. Apparently, counsel have acquired a number of documents from the Clients, which may be proprietary or privileged. The Clients have not been responsive in providing direction to counsel regarding the treatment of proprietary information.

Plaintiff, Wilkinson Industries, Inc., had filed a limited objection [54] to the withdrawal based on this discovery issue. Mr. Dutton advised that the plaintiff wished the case to keep moving forward and requested that the Clients be ordered to produce all non-privileged documents and, possibly, a privilege log identifying any privileged or proprietary documents.

Considering all these circumstances, and in the absence of an actual motion to compel discovery, the court finds that the Motion to Withdraw should be granted and that the plaintiff's Objection should be overruled.

Individuals who are parties to federal proceedings have the right to represent themselves personally without a lawyer. 28 U.S.C. § 1654. That right does not extend to permit them to represent other people or entities because by doing so they would be engaging in the unauthorized practice of law. Thus, a layperson may not represent a separate legal entity such as a corporation or a limited liability company. *See, e.g., Lattanzio v. COMTA*, 481 F.3D 137, 139 (2d Cir. 2007); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 293 (Bankr. N.D. Ohio 2001).

The Clients were previously advised, by receipt of the court's Order and Notice of Hearing, that

> Some of the parties involved are corporate entities. "The law does not allow a corporation to proceed pro se." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Under Fed. R. Civ. P. 55(a), the court may hold a party in default for failure to defend the action. Under *Ackra Direct*, 86 F.3d at 857, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.

The Clients were specifically advised in the Order and Notice of Hearing that the corporate defendants could be held in default if counsel were given leave to withdraw. Considering the Clients' failure to attend the June 18, 2007 hearing or to file any written response to the Motion to Withdraw, I find that counsel should be allowed to withdraw, as requested.

Since substitute counsel has not entered an appearance, the court further finds that default should be entered against defendants **Taylor's Industrial Services, LLC**, d/b/a HPM, a division of Taylor's Industrial Services, LLC ("HPM") and third-party defendants **Taylor's Property Management, LLC**, **Taylor Towing & Heavy Hauling, LLC**, and **D&G Towing and Recovery, Inc.** The entry of default may be set aside if substitute counsel enter a written appearance on behalf of these parties without substantial delay. The parties are advised that the court will assume that these parties do not intend to retain substitute counsel if no appearance is entered before **August 20, 2007.**

The remaining third-party defendants, **Christopher A. Filos, Joseph A. Filos, Jr., and Douglas E. Filos** will be deemed to be proceeding pro se, that is, without the assistance of counsel. These parties may retain substitute counsel at any time; however, until such time as substitute counsel enters a written appearance, they shall personally comply with all orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs and attorney's fees and/or the entry of default, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Regarding the discovery issue raised by the plaintiff, present counsel will be directed to return the disputed discovery materials to the Clients and to maintain copies of the materials returned to the Clients in case of future need in this litigation.

**IT IS ORDERED:**

1. The motion [53] of Andre R. Barry and Margaret A. Olsen for leave to withdraw to withdraw as counsel for defendant **Taylor's Industrial Services, LLC**, d/b/a HPM, a division of Taylor's Industrial Services, LLC ("HPM") and third-party defendants **Taylor's Property Management, LLC**, **Taylor Towing & Heavy Hauling, LLC**, **D&G Towing and Recovery, Inc.**, **Christopher A. Filos**, **Joseph A. Filos, Jr.**, and **Douglas E. Filos**, is granted. The Clerk shall terminate the appearances of Andre R. Barry and Margaret A. Olsen for these parties.

2. Andre R. Barry and Margaret A. Olsen shall return the disputed discovery materials to the Clients and shall maintain copies of the materials returned to the Clients in case of future need in this litigation.

3. The Clerk shall enter default against defendant **Taylor's Industrial Services, LLC** and third-party defendants **Taylor's Property Management, LLC**, **Taylor Towing & Heavy Hauling, LLC**, and **D&G Towing and Recovery, Inc.** The entry of default may be set aside if substitute counsel enter a written appearance on behalf of these parties without substantial delay. The court will assume that these parties do not intend to retain substitute counsel if no appearance is entered before **August 20, 2007.**

4. The Clerk shall enter the appearances pro se of third-party defendants, **Christopher A. Filos**, **Joseph A. Filos, Jr.**, and **Douglas E. Filos**. These parties may retain substitute counsel at any time; however, until such time as substitute counsel enters a written appearance, they shall personally comply with all orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

**DATED June 18, 2007.**

             **BY THE COURT:**

             s/ F.A. Gossett
             **United States Magistrate Judge**