## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILKINSON INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TAYLOR'S INDUSTRIAL SERVICES, LLC, d/b/a HPM, a division of TAYLOR'S INDUSTRIAL SERVICES, LLC and THE CINCINNATI INSURANCE COMPANY, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | 8:06CV405 |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) ) | PROTECTIVE ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| TAYLOR'S PROPERTY MANAGEMENT, LLC; TAYLOR TOWING & HEAVY HAULING, LLC; D&G TOWING AND RECOVERY, INC.; CHRISTOPHER A. FILOS; JOSEPH A. FILOS, JR.; and DOUGLAS E. FILOS, | ) ) ) ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

**THIS MATTER** came on for consideration pursuant to the agreement of all the parties herein for entry of a Protective Order to preserve the confidentiality of certain documents. Pursuant to the agreement of counsel and Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that the following Order shall govern the handling of documents, depositions, deposition exhibits, and other written, recorded, or graphic matter produced during discovery by the parties to this action and non-parties responding to a document request or deposition subpoena (a "producing party"):

1. **Documents Marked CONFIDENTIAL.** All documents and every portion thereof, produced by any party, or by or on behalf of any other person or entity, pursuant to any discovery procedure, or informal exchange of documents, in this matter, that have been marked "CONFIDENTIAL" by the producing party, shall be considered "CONFIDENTIAL" for purposes of this Order and shall be used by the receiving party only

for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

    **2.    Persons Authorized to Receive CONFIDENTIAL Information**. For the purposes of this Order, and subject to the provisions of this Paragraph 2, persons authorized to receive CONFIDENTIAL information (hereinafter "qualified recipient") shall include only:

        a.    Legal counsel representing the parties to this action and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

        b.    Court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

        c.    Those persons especially retained by attorneys in this litigation for trial (such as engineers and other experts), who are not regular employees of a party to this litigation, and only if such persons need such confidential documents and agree in writing to be bound by the terms of this Order by signing a copy of the attached "Acknowledgment by Qualified Recipient";

        d.    A party, such party's in-house legal counsel, or an officer, director, or employee of a party deemed necessary by counsel to aid in the presentation, defense, or settlement of this action (or related litigation);

        e.    A witness at any deposition or other proceeding in this action and his or her counsel;

        f.    Any mediator retained by the parties in an effort to mediate or settle the claims in this action.

        g.    Other than those persons in paragraphs a, b, c, d, e, and f above, any other person from whom testimony is taken or to be taken in this litigation; provided however, that such a person may only be shown confidential documents during his/her testimony and in preparation therefor, and only to the extent necessary for such preparation or testimony, and only if such person agrees in writing to be bound by the terms of this Order by signing a copy of the attached "Acknowledgment by Qualified Recipient".

    **3.    Limitations on Use of CONFIDENTIAL Information**. CONFIDENTIAL information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed  to any person who is not a qualified recipient. Each party, each qualified recipient, and all counsel representing any party shall use their best efforts to maintain all produced CONFIDENTIAL

information in such a manner as to prevent access, even at hearing or trial, by individuals who are not qualified recipients.

**4.     Limitations on Copying CONFIDENTIAL Information**.  CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of the Court. However, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL information for use in connection with this action. All such working copies, abstracts, digests, and analyses shall be deemed CONFIDENTIAL information under the terms of this Order.

**5.     Filing CONFIDENTIAL Information with the Court**. CONFIDENTIAL information in the form of documents which are submitted to the Court with any filing or proceeding in this litigation shall be filed as "restricted access" documents, with electronic court filing access available only to parties of record and court users.

**6.     Depositions**. The following procedures shall be followed at all depositions to protect the integrity of all CONFIDENTIAL information:

　　　　a.     Only qualified recipients, the witness, and the witness's attorney may be present at a deposition.

　　　　b. All testimony elicited during a deposition is deemed to be CONFIDENTIAL information.

**7.     Other Objections to Production**. This Order shall be without prejudice to the right of any party to oppose production of any information on any ground other than that it contains CONFIDENTIAL information.

**8.     Trial**. Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony, or other information disclosed during the course of the trial.

**9.     Return of CONFIDENTIAL Information**. Upon final termination of this proceeding, including all appeals, each party shall at its option destroy or return to the producing party all original materials produced and designated as CONFIDENTIAL information, and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes, and other work product materials that contain or refer to CONFIDENTIAL information.

This Protective Order shall survive the final termination of this action, and shall be binding on the parties and their legal counsel at all times in the future.

-3-

**10.   Additional Protection**. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

**11.   Addition of New Parties**. In the event additional parties join or are joined in this action, they shall not have access to CONFIDENTIAL information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Order.

**IT IS SO ORDERED** with the consent of the parties, this 21st day of September, 2007.

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-4-

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned , acting on behalf of _____

in connection with the case of ***Wilkinson Industries, Inc. v. Taylor's Industrial Services,***

***LLC d/b/a HPM, a Division of Taylor's Industrial Services, LLC et al.*** hereby

acknowledges that he or she has received a copy of the Protective Order entered in that

action and agrees to be bound by all of the provisions of the Protective Order.

SIGNATURE: _____

DATED: _____